1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>GROUPON, INC,, a Delaware corporation, PEARL ENTERPRISES, LLC, a New Jersey corporation d/b/a JR Trading Company, STAR BEST BUY INC, a New York corporation, and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE No. CV15-08078-AB-MRW<br><br>**[~~PROPOSED~~] CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. André Birotte Jr., Presiding Judge<br><br>Hon. Michael R. Wilner, Magistrate Judge<br><br>Complaint filed:    October 14, 2015<br>Discovery Cutoff:  December 20, 2016<br>Final Pretrial Conf.: June 5, 2017<br>Trial Date:        June 27, 2017 |

2522.704\9951

Plaintiff Moroccanoil, Inc. ("Moroccanoil") and defendant Pearl Enterprises, LLC d/b/a JR Trading Company ("Pearl") entered into a Stipulation, Consent Judgment and Permanent Injunction ("Consent Judgment").

THEREFORE, IT IS ORDERED AND ADJUDGED, AS BETWEEN MOROCCANOIL AND PEARL that:

1. This action arises under the United States Lanham Trademark Act, 15 U.S.C. §§ 1051, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over Moroccanoil and Pearl.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

5. Moroccanoil and Pearl acknowledge that Pearl sold to Groupon, Inc. product identified as "Moroccanoil Hair Treatment 3.4 oz. bottle," which Morocconoil contends is counterfeit or otherwise infringing and which Pearl contends is authentic (the "Accused Pearl Products"), which Pearl represents is Pearl's only sale of the Accused Pearl Products.

6. Effective as of the date this Consent Judgment is entered by the Court, Pearl and all of its parents, subsidiaries, affiliates (including JR Trading Company), owners, principals, directors, officers, successors, assigns, agents, and all others acting in concert or participation with them, are hereby permanently enjoined and restrained from selling, offering for sale, distributing, or marketing any "Moroccanoil" branded products.

7. Within ten business days of the Court's entry of this Consent Judgment (subject to modification by written agreement of the parties hereto), Pearl shall disclose to Moroccanoil the identity of Pearl's supplier of the Accused Pearl Products and shall produce or make available for inspection to Moroccanoil the

1  following documents and tangible things that are within Pearl's possession, custody,

2  and control and are found after a reasonably diligent search: (a) all documents and

3  correspondence exchanged between Pearl and Pearl's suppliers of the Accused Pearl

4  Products concerning the Accused Pearl Products, (b) all documents and

5  correspondence exchanged between Pearl and Groupon concerning the Accused

6  Pearl Products, (c) all Accused Pearl Products, (d) all documents and

7  correspondence concerning any investigation or testing of the Accused Pearl

8  Products, (e) all documents and correspondence concerning any instance where

9  Pearl's suppliers of the Accused Pearl Products supplied Pearl with goods that were

10 suspected or confirmed to be counterfeit, and (f) all documents and correspondence

11 exchanged between Pearl and Groupon concerning Pearl's policies and procedures

12 for the inspection and testing of goods.

13     8.     Pearl agrees to accept service of any subpoena duly issued on behalf of

14 Moroccanoil in this action, without prejudice to any right of Pearl to object to the

15 substantive or procedural requirements of any such subpoena.  Pearl consents to the

16 jurisdiction of this Court for resolution of any disputes concerning any such

17 subpoena.

18     9.     Moroccanoil and Pearl hereby release, acquit, and forever discharge

19 each other and each other's respective parents, subsidiaries, other corporate entities

20 having a majority of ownership in common, representatives, officers, members,

21 directors, employees, attorneys, and agents from all liabilities, causes of action,

22 debts, claims, and demands, both in law and in equity, known or unknown, fixed or

23 contingent, which either party may have or claim to have against the other party

24 arising out of or relating to the Accused Pearl Products or the subject matter of this

25 action.  This release does not apply to any claim arising out of the rights and

26 obligations created by this Consent Judgment.

27

28

10.    Moroccanoil and Pearl shall bear their own respective costs and attorneys' fees in this action.

11.    This Consent Judgment constitutes a final judgment of all claims between Moroccanoil and Pearl arising out of or related to Pearl's sale and disposition of the Accused Pearl Products, inclusive of all legal and equitable remedies.  Pearl is hereby dismissed from this action with prejudice.  Moroccanoil and Pearl waive any right to appeal from this Consent Judgment.

12.    The Court shall retain jurisdiction to enforce the terms of this Consent Judgment.

Dated:  April 12, 2016

_____

Honorable André Birotte Jr
United States District Court Judge